506 A.2d 1007

Robert Smith and Shelia Smith, his wife, Appellants *v.* The Municipal Authority of The Borough of West View and The Township of Ohio, a municipal corporation, Appellees.

Submitted on briefs October 11, 1985, to Judges CRAIG and BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*Samuel P. Kamin, Goldberg & Kamin,* for appellants.

*Fred E. Baxter, Jr., Gondelman, Baxter, McVerry, Smith, Yatch & Trimm,* for appellees.

*Joseph E. Vogrin, III, Scott & Vogrin,* for additional appellees.

OPINION BY JUDGE BARRY, March 26, 1986:

This is an appeal by Robert and Shelia Smith, appellants, from a decree entered by the Honorable Judge Ralph H. Smith, Jr., dismissing their exceptions to his earlier decree which ordered appellants to be bound by engineering reports and a survey of Dr. James P. Miller and to pay the fees and costs of Dr. Miller.

Appellants filed a complaint in equity on June 30, 1980, requesting that the appellee, West View Borough, be directed to remove a tap it had recently installed in appellants' private water line and also enjoined from entering onto the Smith property to make additional taps. Appellants also alleged that this appellee's actions constitute an actionable nuisance. They also requested compensatory and punitive damages.

Appellee successfully petitioned for the joinder of Ohio Township as an additional defendant since the tapping was part of a U. S. government project involving Ohio Township. Both appellees argue that appellants acquired their property subject to certain rights of way in which the water line was placed.

Following the filing of pre-trial statements it was decided by the parties and Judge SMITH that the parties would enter into a stipulation with Dr. Miller, a registered professional engineer. Dr. Miller was designated to make a study of all documents and materials to determine the correct location of the rights of way. The only description of this stipulation is in the form of an unsigned, undated court order which is attached to appellants' brief (appendix A) and reads:

[i]t is hereby ORDERED, ADJUDGED and DECREED that upon consent of the parties hereto JAMES P. MILLER, JR., Professor and Coordinator of Graduate Studies and Civil Engineering of the University of Pittsburgh, a Registered Surveyor and Registered Engineer, shall review all of the data each of the parties hereto elects to submit, and shall make a determination as to the correct survey. Further pursuant to the consent of the parties it is ordered by the Court that the costs of the services of JAMES P. MILLER, JR. shall be borne by the party who is deemed to be incorrect in its survey.

By decree filed on May 29, 1984, Judge SMITH found that the gravamen of the dispute centered around a disagreement over past surveys and directed that all parties be bound by Dr. Miller's findings and conclusion that the water main on Smiths' property was within the township right of way. He further directed appellants to pay $4,583.00 to Dr. Miller for the reasonable costs of his services.

Appellants filed six exceptions to this decree. Exception (A) relates to the finding that Dr. Miller's fee was reasonable. They argue, in fact, that his fee was exorbitant considering the length of Dr. Miller's report (four and a half pages) and the previous fees charged by surveyors in two previous surveys of the same property. In Exceptions (B) through (F) appellants object to the methods employed by Dr. Miller arguing that he ignored the methods agreed upon in the stipulation, specifically that he ignored the requirement that Dr. Miller consider the report of Mr. Frazier, the appellants' surveyor.

Appellees contend that Dr. Miller's hourly rate of $75.00 is fair for an engineer of Dr. Miller's education and experience, that he charges similar fees for like services in other municipalities and that evidence in the form of non-expert testimony and mere speculation presented by appellants at the evidentiary hearing is inadequate to support their claim that the fee was unreasonable. In addition, they argue that the appellants are precluded from asserting that an agreement which they viewed as fair at the time of execution is now unfair.

In *Greenacres Apartments, Inc. v. Bristol Township*, 85 Pa. Commonwealth Ct. 572, 574, 482 A.2d 1356, 1358 (1984), we said:

> [O]ur scope of review in equity matters is limited to determining whether or not the trial court committed an error of law or abused its discretion. Moreover, the equity court's decision will stand where there is sufficient evidence to support the Chancellor's findings and the reasonable inferences and conclusions which may be derived therefrom.

In *Commonwealth v. DeMarco*, 53 Pa. Commonwealth Ct. 1, 416 A.2d 623 (1980), we refused to sustain exceptions to a chancellor in equity's findings of fact when

those findings were supported by substantial evidence. From the record before us we are left to speculate as to the specific reasons for the Chancellor's failure to take testimony on Exceptions (B) through (F) (relating to Dr. Miller's methods in conducting his study) at the evidentiary hearing. Moreover, there are no specific factual findings set forth to support his decision to dismiss Exception (A) (relating to the reasonableness of Dr. Miller's fee). Therefore, we are unable to determine whether there was substantial evidence to support the court's dismissal of the exceptions. We remand for the purpose of taking additional testimony to support the court's dismissal of Exceptions B through F and to make specific factual findings concerning Exception A.

ORDER

Now, March 26, 1986, it is hereby ordered that the above-captioned case be remanded to the Court of Common Pleas of Allegheny County so it may take additional testimony concerning Exceptions (B) through (F) of its decree and set forth specific factual findings to support its dismissal of Exception (A). Additional findings of fact and conclusions of law may be filed by the trial judge.

Jurisdiction relinquished.